RECEIVED
CHARLOTTE, N.C.
APR 16 2009
Clerk, U. S. Dist. Court
W. Dist. of N. C.

UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO 3:07 CR 239-BRITT |
| ) | |
| v. ) | MOTION TO COMPEL ASSIGNED |
| ) | DEFENSE COUNSEL TO COMPLY |
| DAVID ALLEN HAGEN ) | WITH COURT ORDER, AFFIDAVIT |
| ) | IN SUPPORT, AND EXHIBIT IN |
| Defendant, Pro Se ) | SUPPORT - TO BE FILED |
| ) | UNDER SEAL |

Defendant Pro Se, respectfully requests this honorable court recognizes that defendant is representing himself, receiving no legal assistance from assigned counsel and has virtually no access to the court, and ergo to please consider this motion and apply the law liberally. Pleadings filed by individuals representing themselves are held to a less stringent standard than those prepared by attorneys. Bogg v. MacDougall 454 U.S. 364 (1982).

On the 7th of April 2009, the court issued on ORDER to which assigned defense attorney Steven T. Meier was directed to continue preparing for trial as if he were trying the case. This preparation should include but is not limited to reviewing evidence, issuing subpoenas to witnesses, preparing and filing jury instructions. Meier was further ordered to

remain in the case as stand by counsel for trial to assist defendant if and when and to the extent called upon by defendant.

On the 10th of April, attorney Meier appeared at Mecklenburg Jail and presented defendant with a five-inch thick folder, marked "David's Discovery". It contained no evidence, witness depositions or pending subpoenas. The folder simply contained copies of defendant's indictments, a few motions and orders, copies of the Federal Rules of Criminal Procedure and of Evidence, and a copy of defendant's 8 July 2008 Trial Guide — where defendant specifically identified fifty-seven (57) items of requested exculpatory evidence and twenty-two (22) requested defense witnesses. The Trial Guide further contained six (6) requested and appropriate motions. None of the evidence, witnesses or motions had been acted upon. During this 10 April 2009 visit, Meier relegated his defense counsel position to clerical services. Meier presented defendant with a stack of blank subpoenas, instructed him to fill them out and his staff would file the subpoenas. In reference to any requisite motions, Meier instructed defendant to write them and his staff would type the petitions. That's it! Defendant informed Meier that this deficiency in legal assistance would be a violation of the court's order. Meier replied, "I'm not going to argue about it."

Out of desperation, defendant wrote and delivered to Meier the letter that accompanies this motion as Exhibit A.

2

Defendant hereby petitions this court to place Exhibit A under SEAL - hidden from the eyes of the government - in accordance with the Federal Rules of Evidence, Rule 502, Attorney-Client Privilege and Work Product. It is crucial for defendant's defense that this letter remains unavailable to the prosecution or his support agencies. Defendant hereby submits this letter as an exhibit to inform the court exactly what legal defense services were requested from Meier nine (9) months ago, what again defendant requests from Meier now and to apprise the court of the enormous amount of trial preparation which is required of the defense during the short two and half (2½) weeks before trial. Defendant further asserts that Exhibit A is absolute evidence as to Meier's dereliction of duty as defense counsel.

The court has required defendant pro se to be prepared for an incredibly complex trial in less that thirteen (13) work days. Assigned defense counsel Meier has refused to comply with the court's order to prepare for trial as if he were trying the case or to assist defendant if and when and to the extent called upon by defendant. The court has forced defendant to accept the ineffective and negligent representation of Meier. Whether as standby counsel or as full representing defense counsel at trial, Meier is causing a devastating impact on defendant's legal proceeding. Meier's refusal to comply with the court's

order is further destroying whatever slim chance that remained of defendant receiving a fair trial.

    Therefore, for good and just reason defendant petitions the court to order Steven T. Meier to comply with its 7 April 2009 ORDER and to immediately accomplish the requested items for trial preparation stipulated in Exhibit A or, in the alternative, to assign defendant a competent, effective and skillful legal counsel and grant a fair extension of time to allow defendant to prepare for trial.

    This 15th day of April 2009

                                By: David A. Hagen
                                Defendant, Pro Se

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET No 3:07CR239-BRITT |
| ) | |
| v. ) | AFFIDAVIT IN SUPPORT OF |
| ) | MOTION TO COMPEL ASSIGNED |
| DAVID ALLEN HAGEN ) | DEFENSE COUNSEL TO COMPLY |
| ) | WITH COURT ORDER |
| Defendant, Pro Se ) | |
| ) | |

Under penalties of perjury, I, David Allen Hagen, do swear that the following statements are true and correct to the best of my knowledge and belief:

1. I originally retained defense counsel Steven T. Meier (Meier) in November 2007 after he informed me that he would thoroughly investigate the government's charges and evidence against me; assess the chance of conviction and advise me of his legal opinion.

2. In February/March 2008, Meier informed that he had ascertained no evidence against me that would support a conviction and agreed to take my case to trial.

3. In July 2008, I presented Meier with my prepared 97-page Trial Guide where I identified fifty-seven (57) items of requested exculpatory evidence, twenty-two

(22) requested defense witnesses, and requested the filing of six (6) critical and appropriate pretrial motions.

    4. Meier virtually disappeared and mostly failed to communicate until February 2009.

    5. In March 2009, Meier finally admitted that he had not acted upon any of the evidence, witnesses or motions contained in the 8 July 2008 Trial Guide.

    6. On the 10th of April 2009, Meier appeared at Mecklenburg Jail and presented me with a five-inch thick folder, marked "David's Discovery". It contained no evidence, witness depositions or pending subpoenas. The folder simply contained copies of my indictments, a few motions and orders, copies of the F.R.C.P. and F.R.E., and a copy of my 8 July 2008 Trial Guide. During this 10 April 2009 visit, Meier presented me with a stack of blank subpoenas, instructed me to fill them out and his staff would file the subpoenas. In reference to any requisite motions, Meier instructed me to write them and his staff would type the petitions. He would perform no further legal services. I informed Meier that this deficiency in legal assistance would be a violation of the court's order. Meier replied, "I'm not going to argue about it."

This 15th Day of April 2009.

                                  David A. Hagen
                                  Defendant, pro se

# CERTIFICATE OF SERVICE

I hereby certify that I served the original of this letter addressed to Steven T. Meier, Attorney at Law, in reference to USA v. David A Hagon, Preparations For Trial, upon Steven Meier by depositing said letter in the U.S. Mail with postage paid on this 15th day of April 2009.

David A Hagon
Defendant Pro Se
PID 350610
PO Box 34429
Charlotte NC 28234-4429

To:

Steven T. Meier
Attorney at Law
1401 East Seventh St #200
Charlotte NC 28204

David A. Hagen
PID 350610
PO Box 34429
Charlotte NC 28234-4429

15-April-2009

Clerk of the Court
United States District Court
401 West Trade St.
Charlotte NC 28202

Re: Motion to Compel Assigned Defense Counsel to Comply with Court Order, Affidavit in Support, and Exhibit in Support — to be Filed Under Seal

Dear Sir or Madam:

Please find enclosed the referenced motion. I am pro se and therefore not sure of proper procedure. Please do not file Exhibit A without it being under SEAL - hidden from the eyes of the government. I have petitioned the court to seal the exhibit in accordance with the Federal Rules of Evidence, Rule 502, Attorney-Client Privilege and Work Product. Thank you for your help and consideration in this matter.

Sincerely,
David A. Hagen